**Carol L. Hepburn, OSB 032110**
carol@hepburnlaw.net
Carol L. Hepburn, P.S.
200 First Ave. West, Suite 550
Seattle, WA  98119
Phone:  (206) 957-7272
Fax:  (206) 957-7273
*Attorney for Plaintiff D.L.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| A.B. and S.B., Minors, by and through Erin K. Olson, their Conservator, and D.L.,<br><br>       Plaintiffs,<br><br>      v.<br><br>ANDREW FRANKLIN KOWALCZYK,<br><br><br>       Defendant. | Case No.  3:19-cv-01521<br><br><br>MOTION BY PLAINTIFF D.L. TO PROCEED USING INITIALS |

PAGE 1 – PLAINTIFF D.L.'S MOTION TO PROCEED USING INITIALS

## I.  STATEMENT OF RELIEF REQUESTED

Plaintiff "D.L." through her attorney of record Carol L. Hepburn of Carol L. Hepburn, P.S., moves this Court for an order allowing her to proceed in the above-captioned matter using the initials "D.L.". Plaintiff makes this request in order to protect herself from harassment, injury, ridicule and personal embarrassment.

## II.       FACTS RELEVANT TO MOTION

The matter before the court comes on Plaintiffs' claims for civil damages against the criminal defendant who has been convicted of sexually assaulting them and producing child sex abuse images of this abuse. As set forth in the complaint herein, D.L. is the subject of the "Blaze 4" series of child pornography videos and images. These images, and the abuse which they record, form the basis of D.L.'s claims herein, and are highly personal, intimate, and humiliating to her.

As a young child, she was raped, and forced to commit a myriad of sexual acts by defendant herein.  The sexual abuse was photographed and/or videoed and these images were transported in interstate commerce.

Other child pornography victims have been stalked contemporaneously by consumers of child pornography images.  One of Plaintiff's Counsel's other child pornography clients,  "Lily" was sexually abused from the age of ten to eleven in a number of scripted and costumed vignettes, which have included graphic sex as well as bondage. She has been stalked on the internet and through email by apparent pedophiles and child pornography enthusiasts who have propositioned her and made lewd inquiries of her. One such stalker was convicted in the United States District Court of Nevada of transporting her images and stalking her. (See Judgment in United States v. Gregory Hoffman, USDC Nev. No. 08-CR-00027 attached as Exhibit 1 to Declaration of Counsel Carol L. Hepburn.)

### III.    ISSUES PRESENTED

1.    Whether the Plaintiffs' need for anonymity outweighs any prejudice to Defendant.

2.    If so, whether it is appropriate to allow Plaintiff to proceed using initials.

### IV.    EVIDENCE RELIED UPON

The Declaration of Carol L. Hepburn; and the Complaint filed herein.

### V. ARGUMENT

The Federal Rules of Civil Procedure do not explicitly authorize, nor absolutely prohibit,

the use of fictitious names by adult plaintiffs or other parties. FRCP 5.2(e)(1) does allow for

protective orders requiring redaction of information on good cause shown.   In *Does I Thru XXIII*

*v. Advanced Textile Corp.* 214 FR.3d 1058 (9th Cir. 2000) (internal citations removed), the Ninth

Circuit declared, "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when

nondisclosure of the party's identity is necessary… to protect a person from harassment, injury,

ridicule or personal embarrassment."

In *Advanced Textile*, the Ninth Circuit held that "a party may preserve his or her

anonymity in judicial proceedings in special circumstances when the party's need for anonymity

outweighs prejudice to the opposing party and the public's interest in knowing the party's

identity." *Id* at 1067. When "pseudonyms are used to shield the anonymous party from

retaliation, the district court should determine the need for anonymity by evaluating the

following factors: (1) the severity of threatened harm, (2) the reasonableness of the anonymous

party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id* at 1068 (internal

citations removed). "The court must also determine the precise prejudice at each stage of the

proceedings to the opposing party, and whether proceedings may be structured so as to mitigate

that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id* (internal citations removed).

## A.      Harm to Plaintiff

The defendant in the instant litigation has been adjudicated to be producer of Plaintiff's child sex abuse images. He has created images that are "highly sensitive" and of "personal nature" concerning D.L. If her identity is revealed, it can easily be found by pedophiles and other consumers of child pornography.

Congress and the American people have recognized the fundamental affront to human dignity and personal privacy that child pornography represents and have chosen through public policy to make production, possession, distribution, receipt, and transportation of child sex abuse images punishable by significant criminal penalties. The mere receipt of such images subjects an individual to a mandatory minimum federal prison sentence of five years. 18 U.S.C. §2251 and § 2252A(a)(2). Such public policy determinations, while not dispositive, support the notion that the current litigation involves matters that are highly personal in nature and of the utmost intimacy so that Plaintiff D.L. deserves the protection provided by proceeding under a pseudonym.

As discussed by the Ninth Circuit in *United States v. Kennedy,* 643 F.3d 1251, 1260 (9th Cir. 2011)*,* and recognized by the United States Supreme Court in *New York v. Ferber*, 458 U.S. 747, 759 FN 10 (1982), "[t]he victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child…. Thus, distribution of the material violates the individual interest in avoiding disclosure of personal matters. …[and] the child's privacy interests are also invaded." *Id*. at FN 9.

//

In a previous criminal case involving victims Amy and Vicky, the Ninth Circuit ruled:

> Amy and Vicky presented ample evidence that the viewing of their images caused them emotional and psychic pain, violated their privacy interests, and injured their reputation and well-being. See *Ferber*, 458 U.S. at 759 & n. 10, 102 S.Ct. 3348; *Free Speech Coal.*, 535 U.S. at 249, 122 S.Ct. 1389. Amy, for example, stated that her "privacy ha[d] been invaded" and that she felt like she was "being exploited and used every day and every night". Vicky described having night terrors and panic attacks due to the knowledge that her images were being viewed online. Even without evidence that Amy and Vicky knew about Kennedy's conduct, the district court could reasonably conclude that Amy and Vicky were "harmed as a result of" Kennedy's participation in the audience of individuals who viewed the images.

*Kennedy*, *supra* 643 F.3d at 1263.

Further, the fear of identity disclosure suffered by Plaintiff D.L. is eminently reasonable -- she is at risk of further emotional harm if she is identified, and she may also be at risk of physical harm. Child pornography is largely distributed by networks of anonymous pedophiles, child molesters and members of other deviant subcultures utilizing a variety of Internet technologies. The individuals who possess and trade child pornography do not know each other, which enables them to conduct their illegal activities with impunity and little risk of discovery. *See* Philip Jenkins, *Beyond Tolerance: Child Pornography on the Internet*. New York: NYU Press, 2001.

**B.     Absence of Prejudice to the Defendant**

This suit is against a private party and is based on the Defendant's criminal conviction. Plaintiff is not a stranger to the Defendant. Her actual identity is known to him, and her child sex abuse images are intimately familiar to the Defendant. Unlike a defendant in a purely civil suit, the defendant in this case is not prejudiced by D.L. proceeding via initials and shielding her identity from the rest of the world.   The underlying facts are already judicially determined and are indisputable.

The Defendant's status is an important factor in determining whether to permit D.L. to proceed via initials. Unlike the typical defendant in a civil suit, the defendant in this case is not "innocent." He is guilty of criminal felonious acts, which form the basis for this civil action. The Defendant is, in law and in fact, guilty of acts against Plaintiff D.L., which result in civil liability.

**C.    Public Interest**

The public interest in this litigation, if any, will not be furthered or enhanced by knowing the legal identity of D.L.. The Defendant is not a public figure, and D.L. is not a public figure.

There is nothing about Plaintiff D.L.'s identity, which is significant or newsworthy. On the contrary, her story and any media coverage would be based on her identity being reported under initials as was used regarding the criminal proceedings. In terms of the media's ability to cover this litigation, allowing Plaintiff to proceed under initials is preferable to closing the courtroom or sealing the record since the facts and the record can be publicly revealed without further harming her.

Other than closing the courtroom or sealing the record, there is no easily implemented alternative mechanism for protecting Plaintiff D.L.'s confidentiality. Proceeding under initials actually enhances the public's ability to participate in the litigation by obviating the need to seal or otherwise restrict documents and court proceedings.

## VI.  CONCLUSION

There is a fundamental privacy interest, which is violated by the production, distribution and possession of child pornography. Exposure of victims' legal identities only compounds that violation. For all the above reasons, "D.L." respectfully requests that this Court allow her to

//

proceed in the above-captioned matter using initials.

DATED this 18th day of September 2019 at Seattle, Washington

 

CAROL L. HEPBURN, P.S.

By  /s Carol L. Hepburn
Carol L. Hepburn, OSB No. 032110
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Attorney for Plaintiff D.L.

PAGE 7 – PLAINTIFF D.L.'S MOTION TO PROCEED USING INITIALS