United States District Court
District of Oregon

14 APR '20 07:49 RECVD USDC-ORP

| | |
|---|---|
| A.B et. al. | Civil Case No: 3:19-cv-01521-MO |
| v. | Motion to stay or Motion to continue, |
| Andrew Franklin Kowalczyk<br>Defendant | Notice of fraudulent Declaration by Yamhill Sheriff re: service of complaint, Motion to Dismiss or for Summery judgement per FRCP Rule 12(b) 1-6 or 4 or 5 ect. Motion to proceed informa poperes and for 10 subpeonas. Motion for discovery, Declaration in support. Motion to leave for all the above and later filing dates |

Defendant Kowalczyk moves for the above based on the following: Defendant is on lock down at Tucson USP do to the Coronavirus, is further in the SHU where all of his legal material has been taken from him, is given one golf pencil per week and only 3 pieces of paper, no access to law library is given, no photo copies, no commissary can be purchased ect. I do to qaurantine from virus, Defendant has no addresses or stamps to serve parties. A complete denial to access of courts is occuring. A stay is moved for until things get back to normal. Further, Defendant is having severe problems with mail at the U.S.P., it is not being recieved by those sent to or by Defendant. Defendant has made around 5 submission to the court in the past couple months and it appears they are not recieved as they do not show in docket. Defendant cannot adequately do a summery judgement response in time for dead line on 4/18/20. Alternatively or in addition Defendant moves for a continuance. First, the declaration and response submitted by plaintiff from Yamhill county Sheriff personally serving Mr. Kowalczyk at Sheridan is fraudulent. Mr. Kowalczyk was never personally given any papers while on suicide watch, nothing is allowed to be given to an inmate on suicide watch, thus no summons/complaint was properly served "personaly" to Mr. Kowalczyk. They were given to a 3rd party who cannot accept service for Mr. Kowalczyk, ie. Sheridan correction officers from B.O.P. Records, witnesses, policy/rules exist that will prove Mr. Kowalczyk was not personally served the summons/complaint. Inmate companions watch suicide inmates 24/7 and make logs of all events every 15 minutes, staff make simular logs, Phycologist Dr. Lee and Lt's and other staff will give statements that Mr. Kowalczyk was not allowed to possess anything and was nude with a blanket in cell, records exist of those present when service was claimed to be done - a continuance is needed to dispose witness at Sheridon, get logs by subpeana and other records and policy. A continuance is needed. It is again moved case be dismissed for improper/inadequate service under Rule 4 and/or 5 and 12(b), 1-6.

The complaint/case regarding D.L. is moved for dismissal because the statue of limitations was expired when the lawsuit was filed under 18 USC 2255. The statue says 3 years after 18th birthday (see plaintiff summery judgement motion), D.L. was 23 when suit was filed. Case law establishes that the limitations also run from when the plaintiff should have known or know the crime occured (citation omitted). D.L. was aware by 2008 when the news media publicized the crime, CARES interviews were done, she was put in foster care for it again, records exist state paid psychologist constantly reminded her of the crime and even her own case worker Mr. Andrews (a continuance is needed for these records to be produced in discovery and a motion to compel is hereby moved for for plaintiff to produce those records) other records exist too in record in criminal case 3:08-cr-0095-MO (see case for records) and more. There is no doubt that D.L. was aware or should have been under case law that shows the 10 years has gone by. Further; 18 USC 2255

Pg 1 of 2

is not retroactive. The crime is said to occur in 2005 (citation omitted) See also a "Doe" case plaintiff cites.

Then the case must be dismissed under above rules ect. because Erin Olsen had/ has no standing to file the case for D.L. and/or A.B and S.B. as their "Conservator". The docket was recently sent to Defendant from Court (after having wrong address for several months (another reason for continuance) and no court filings were ever mailed to Defendant before) and it show the complaint summons and other initial filings were made by Erin Olson, not the attorneys of record for D.L., AB and S.B.. A "Conservator" is some one "court appointed" to protect the estate of a person. Erin Olsen was never appointed for this civil case, but to be a guardian ad litem in criminal case 3:08-CR-0095-MO to help provide a victim impact statement under the CVRA and other criminal statue to protect minor victims. "Ad litem" is defined as "the specific case", "the lawsuit" (citations omitted), Erin Olsen never was appointed for this civil case! See motion to appoint guardian ad litem in above criminal case to see the scope of what the court appointed Erin Olsen to do, she is beyond what the court appointed her to do in the criminal case. The proper appointment for a civil case as this is under F.R.C.P. Rule 17(c)(1). The whole case must be dismissed as Olsen has no standing for claimed victims D.L., AB, S.B, Olsen suffered no injuries either. Case law clearly shows the case must be dismissed (citations omitted).

10 subpoenas is move for and informa paparis status granted or forms mailed to Defendant to proceed with the above. All above is moved for under summery judgement, Rule 12(b) 1-6, Rule 4-5 and all other laws. Prose is to be construed liberaly (citation omitted). Move to leave to do all above if judgement is entered allready.

I Andrew Kowalczyk declare the above is true and correct under the penalty of perjury under U.S. laws.

4/1/20
Date

Mr. Andrew Kowalczyk

Pg 2 of 2