IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**A.B.**, Minors, by and through Erin K. Olson, their Conservator; **S.B.**, Minors, by and through Erin K. Olson, their Conservator; and **D.L.**,

    Plaintiffs,

v.

**ANDREW FRANKLIN KOWALCZYK**,

    Defendant.

No. 3:19-cv-01521-MO

OPINION & ORDER

**MOSMAN, J.**,

    Plaintiffs filed the Complaint [ECF 1] in this case on September 20, 2019. All three plaintiffs sought damages under 18 U.S.C. § 2255(a). *Id*. at 6. Plaintiffs then moved for summary judgment on October 30, 2019. Mot. [ECF 7]. That motion has been pending for nearly 10 months without a response. First, this Court held briefing in abeyance for months while Defendant received additional time to answer the complaint. Order [ECF 20]. Briefing reopened on April 15, 2020. Order [ECF 29]. Since that date, Defendant has requested and been granted three continuances. Orders [ECF 31, 38, 46]. Defendant's response was ultimately due on August 10, 2020, [46], but he failed to file one. Four months of extensions—and 10 months in total—is more than sufficient time for Defendant to have responded to the pending motion. Resolution of the motion on its face is therefore appropriate, and for the reasons set out below,

1 – OPINION & ORDER

Plaintiffs' Motion for Summary Judgment [7] is GRANTED.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)), or "unsupported conjecture or conclusory statements," *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendant was found guilty on nine counts of Sexual Exploitation of Children in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2253. J. and Commitment [ECF 1140] at 1, 3:08-cr-00095-MO-1 ("Criminal Case"). Plaintiffs are three victims of those crimes. Compl. [1] ¶¶ 9, 15, 21. Plaintiffs have sued pursuant to 18 U.S.C. § 2255(a), which allows for minor victims of crimes in violation of § 2251 (among others) to bring civil suit for damages in the amount of $150,000 per victim, plus reasonable attorney fees and costs of litigation. Plaintiffs' Motion for Summary Judgment alleges that they meet all of the elements necessary for a judgment in their

favor under § 2255(a). Defendant has provided no response and has not otherwise contradicted that argument.

As requested, [11] at 2, this Court takes judicial notice of the following documents that were originally entered in Defendant's Criminal Case:

- Superseding Indictment [ECF 197];
- Final Jury Instructions [ECF 952];
- Verdict [ECF 954];
- Unredacted Verdict [ECF 953];
- Judgment [ECF 1140].

Judicial notice of these documents is proper under Federal Rule of Evidence 201 and Ninth Circuit precedent. *See Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records.").

No question of material fact exists in this record. Defendant cannot dispute that he committed these crimes, nor is there any dispute that Plaintiffs suffered personal injury as a result of those crimes. A prior conviction may have a preclusive effect in future civil actions where four factors are met: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial. *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990). Additionally, in some statutory schemes that confer a civil remedy on the basis of a prior criminal conviction, a civil plaintiff enjoys "as large an advantage as the estoppel doctrine would afford had the Government

brought suit." *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568 (1951).

Here, all four prongs of the *Ayers* test are met. Defendant's prior conviction was for a serious offense that would have motivated him to fully litigate all issues. Defendant did receive a full and fair trial, and the validity of the conviction is not in doubt. The issue on which the conviction is offered—whether Defendant harmed Plaintiffs—was decided at trial. Finally, Defendant was a party to the conviction proceeding. Further, § 2255 represents an intent on the part of Congress to provide a remedy for victims of certain sex crimes without relitigating the underlying facts of those crimes, which would require allowing plaintiffs to assert offensive collateral estoppel just as the government would be able to do in their shoes. *Emich Motors*, 340 U.S. at 568. And indeed, another court in this district has also held that § 2255 allows plaintiffs to assert offensive collateral estoppel on the basis of Defendant's prior criminal conviction. *N.S. v. Rockett*, 2018 WL 6920112 at *1 (D. Or. Nov. 28, 2018).

Defendant is therefore barred from contesting any of the facts found by the jury in his underlying criminal case, which is a predicate for the filing of this action. Those facts include the finding that Defendant sexually abused the three victims who are plaintiffs here.

Defendant also cannot dispute that the victims of his crimes suffered personal injury, both as a legal matter and as a matter of pure common sense. *See, e.g.*, *Rockett*, 2018 WL 6920112 at *1 (quoting *Doe v. Boland*, 698 F.3d 877, 882-83 (6th Cir. 2012)) ("Once a child has shown she was the victim of a sex crime, there is little point in forcing her to prove an amount of damages, only to have the court disregard that figure and award the statutory minimum."). As Judge Simon noted in *Rockett*, the Ninth Circuit has never directly addressed this question. *Id*. But like Judge Simon, this Court agrees with the Sixth Circuit's holding in *Boland*. There is no question of material fact on this point.

Therefore, no question of any material fact exists under § 2255. Summary judgment is appropriate in favor of Plaintiffs, and their motion is GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment [7] is GRANTED. The Court awards statutory damages in the amount of $150,000 to each plaintiff, pursuant to 18 U.S.C. § 2255(a), as well as costs and reasonable attorney fees.

IT IS SO ORDERED.

DATED this __21__ day of August, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION & ORDER